**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | : | Case No. 12-57642 |
| | : | |
|    BCAS, LLC | : | Chapter 11 |
|    dba Tilton's Automotive Service, | : | |
| | : | |
|         Debtor. | : | Judge Charles M. Caldwell |

| | | |
|---|---|---|
| In re | : | Case No. 12-57643 |
| | : | |
|    TAS of GH, LLC | : | Chapter 11 |
|    dba Tilton's Automotive Service, | : | |
| | : | Judge Charles M. Caldwell |
|         Debtor. | : | |

**MOTION BY DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

BCAS, LLC dba Tilton's Automotive Service ("BCAS") and TAS of GH, LLC dba Tilton's Automotive Service ("TAS," and with BCAS, collectively, the "Debtors"), each a debtor and debtor in possession in the above-captioned cases, by and through their undersigned counsel, hereby jointly move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order directing the joint administration of Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only (the "Motion"). In further support of this Motion, Debtors respectfully state the following:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matters raised herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

3. BCAS, LLC dba Tilton's Automotive Service ("BCAS") and TAS of GH, LLC dba Tilton's Automotive Service each filed their respective voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") on September 3, 2012 (the "Petition Date"). Both BCAS and TAS are conducting their businesses and are operating as debtors in possession pursuant to §§ 1107 and 1008 of the Bankruptcy Code. BCAS is an Ohio limited liability company formed on October 15, 2004. TAS is an Ohio limited liability company formed on April 29, 2008.

4. The original members of BCAS are Andrew S. Tilton and Bernice A. Tilton (collectively, the "Tiltons"). The Tiltons each own fifty percent (50%) of the outstanding and voting membership interests in BCAS. On or about October 18, 2005, the Tiltons sold 35 membership units, designated as preferred membership units, to a Florida limited partnership known as Dockery Limited Partnership for the sum of $14,285.71 per unit. The preferred membership units have no voting or managerial rights with respect to the operations of BCAS. The sole member of TAS is Andrew S. Tilton. Mr. Tilton is responsible for the management of TAS and BCAS, including the day-to-day operations of TAS.

5. BCAS owns and operates two (2) automotive repair and service centers in Franklin County, Ohio. One automotive center is located in Worthington, Ohio at 6568 High Street (the "Worthington Center") and another automotive center is located at 171 North High Street, Suite B, in Gahanna, Ohio (the "Gahanna Center"). Both the Worthington Center and the Gahanna Center are operated at locations where the real property is owned by third parties and

are subject to leases with BCAS as the tenant. BCAS owns certain real estate located at 6188 Ambleside Drive, Columbus, Ohio (the "Ambleside Property"). Prior to the formation of BCAS in 2004, the Tiltons owned and operated Tilton's Automotive Service under the entity known as ABCT, Inc. since 1989 at the Ambleside Property. With a financial restructuring of its business in late 2009, BCAS closed the service center at the Ambleside Property and entered into a lease of that property, as lessor, to a third party, as lessee. BCAS owns all of the equipment, machinery and inventory located at the Worthington Center and the Gahanna Center. The Ambleside Property is subject to a purchase option in favor of the Ambleside tenant in the amount of $227,000.

6.      TAS owns and operates an automotive repair and service center in Franklin County, Ohio. The automotive center is located at 1562-B King Avenue, Grandview Heights, Ohio (the "Grandview Center"). TAS is a sub-tenant pursuant to lease agreement of the underlying real estate where the Grandview Center is located and operated. TAS owns all of the equipment, machinery and inventory located at the Grandview Center.

7.      The Ambleside Property purportedly is encumbered by a series of federal tax liens filed in favor of the United States of America, Internal Revenue Service (the "IRS"), which liens appear to cover both 940 and 941 withholding tax obligations of BCAS for various assessed periods from 2007 through 2011. Upon information and belief, the Debtor believes the IRS claims to be owed approximately $450,000 (inclusive of tax interest and penalties for these obligations) from BCAS. Further, to the extent the IRS liens constitute valid and subsisting liens against all property owned by BCAS, such liens also encumber the personal property owned by BCAS at both the Worthington Center and the Gahanna Center. Further, the Ambleside Property purportedly is encumbered by a mortgage in favor of Dockery Limited Partnership and a

mortgage in favor of Tabor Chadwick and Celeste Dockery, which mortgages were filed for record on December 20, 2005 and March 30, 2008 with the Franklin County, Ohio, Recorder's Office as Instrument Nos. 200512200266643 and 200803030031505, respectively. The mortgages were granted by BCAS to Dockery Limited Partnership and Tabor Chadwick and Celeste Dockery to secure a series of loans made in favor of BCAS from each of these parties. Upon information and belief, the outstanding balances claimed by Dockery Limited Partnership and Tabor Chadwick and Celeste Dockery are approximately $266,325 and $182,540, respectively.

8.    TAS' assets, as of the Petition Date, are purportedly encumbered by a series of federal tax liens filed in favor of IRS which liens appear to cover both 940 and 941 withholding tax obligations of TAS for various assessed periods from 2008 through 2011. Upon information and belief, the Debtor believes the IRS claims to be owed approximately $203,000 (inclusive of tax interest and penalties for these obligations) from TAS. Finally, both BCAS and TAS granted a blanket lien and security interest purportedly encumbering all of their respective personal property to Richard W. and Nancy P. Waggoner (the "Waggoners") to secure a loan of $39,000 in November, 2010. Upon information and belief, the Waggoners claim an amount outstanding of approximately $13,500.

9.    During the calendar years 2010 and 2011, BCAS had gross sales of $1,446,477 and $1,191,370, respectively. Following the allowance of operating expenses, costs of goods sold, as well as deductions for interest and depreciation, these sales resulted in an ordinary business income of $206,125 and $87,917 for those respective calendar years. From January 1, 2012 through August 31, 2012, BCAS had total gross sales of approximately $1,064,078, which has resulted in a net ordinary income of $60,378.47 for the same period. As of the Petition

4

Date, Debtor had nine employees, including four salaried, one hourly, and four employees who are paid on a commission basis.

10. During the calendar years 2010 and 2011, TAS had gross sales of $484,280 and $668,074, respectively. Following the allowance of operating expenses, costs of goods sold, as well as deductions for interest and depreciation, these sales resulted in an ordinary business losses of ($63,593) and ($3,333) for those respective calendar years. From January 1, 2012 through August 31, 2012, TAS had total gross sales of approximately $575,273, which has resulted in a net ordinary loss of ($125,968) for the same period. As of the Petition Date, TAS had four employees, including one salaried, one hourly, and two employees who are paid on a commission basis.

11. As a result of the outstanding tax liabilities of BCAS and TAS, the IRS, in addition to the filing of a series of federal tax liens, had commenced various levies on BCAS' and TAS' respective bank accounts. Both BCAS and TAS believe that keeping their operations in place and in tact with their current manager will best preserve the value of the assets and maintain a necessary consistency within which to address their respective pre-petition liabilities. The Debtors believe these chapter 11 proceedings provide the best forum to restructure their respective debt obligations.

## **RELIEF REQUESTED**

12. By this Motion, Debtors seek entry of an order directing the joint administration of Debtors' chapter 11 cases and consolidation thereof for procedural purposes only. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed, R. Bank, P. 1015(b). Debtors are "affiliates" as that term is defined in § 101(2) of the Bankruptcy Code,

5

in that 20 percent or more of the voting securities of each are held by individuals or entities who are members of both Debtors. Accordingly, this Court is authorized to grant the relief requested herein.

13. The joint administration of Debtors' chapter 11 cases at this time will serve to simplify the procedural aspects of these chapter 11 cases while the Court and parties in interest consider the issues of plan confirmation. Further, joint administration will permit the Clerk of the Court to utilize a single docket for theses cases and combine notices to creditors of Debtors' respective estates and other parties in interest. Debtors anticipate that numerous, if not all, notices, applications, motions, other pleadings and orders in theses cases will affect both BCAS and TAS. Joint administration will permit counsel for all parties in interest to include Debtors' respective cases in a single caption. Joint administration also will enable parties in interest in the BCAS and TAS cases to be apprised of the various matters before the Court in each of these cases. Accordingly, as provided in the proposed form of caption attached hereto as Exhibit "A" and made a part hereof, Debtors request that parties in interest filing pleadings in these chapter 11 cases only be required to indicate in the caption that the pleading relates to the jointly administered bankruptcy cases of "BCAS, LLC dba Tilton's Automotive Service, et al." and further request that the Clerk of Court maintain one file and one docket for Debtors' chapter 11 cases, which file and docket would be BCAS's file and docket.

14. In addition, Debtors seek the Court's direction that a separate docket entry be made on the dockets of the BCAS and TAS chapter 11 cases as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of BCAS, LLC dba Tilton's Automotive Service and TAS of GH, LLC dba Tilton's Automotive Service. The docket in the case of BCAS, LLC dba Tilton's Automotive Service, Case No. 12-57642 should be consulted for all matters regarding these cases."

6

15. The entry of an order of joint administration will reduce the volume of filings that would otherwise be filed with the Clerk of Courts and render the completion of various administrative tasks less costly. Additionally, the rights of creditors and other parties in interest in Debtors' respective cases will not be prejudiced or otherwise adversely affected in any way by the entry of an order directing the joint administration of these chapter 11 cases. The relief sought herein is purely procedural and is in no way intended to affect substantive rights.

## NO PRIOR REQUEST

16. No prior request for the relief sought herein has been made by Debtors to this or any other Court.

## WAIVER OF MEMORANDUM IN SUPPORT

17. Debtors request that the Court deem the content of this Motion to be sufficient for purposes of satisfying the memorandum in support requirement in Rule 9013-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of Ohio ("Local Rules"). The relief requested herein raises no novel issues of law requiring briefing. Therefore, Debtors request that the Court waive the requirement pursuant to Local Rule 9013-1(a) for a memorandum in support of this Motion.

## NOTICE

18. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the Office of the United States Trustee for this district; (ii) the top twenty (20) creditors of both BCAS and TAS; (iii) all parties in interest who, as the date hereof, have served upon Debtors and filed with the Court a request that all notices be mailed to them; and (iv) any party directly affected by any relief sought under LBR

7

9013-3(b).  In light of the nature of the relief requested herein, Debtors submit that no further notice is necessary.

WHEREFORE, Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit "B" and made a part hereof (i) authorizing and directing the joint administration of Debtors' chapter 11 cases and consolidation thereof for procedural purposes only; (ii) directing that only the legend "BCAS, LLC dba Tilton's Automotive Service et al.." be included in the consolidated caption for pleadings filed in Debtors' cases; (iii) approving the proposed form of caption set forth on Exhibit "A" hereto; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Richard K. Stovall*
Richard K. Stovall          (0029978)
Daniel J. Hunter            (0017536)
Erin L. Pfefferle           (0084984)
ALLEN KUEHNLE STOVALL& NEUMAN LLP
17 South High Street, Suite 1220
Columbus, OH  43215
Telephone:   (614) 221-8500
Facsimile:   (614) 221-5988
E-mail:      stovall@aksnlaw.com
             hunter@aksnlaw.com
             pfefferle@aksnlaw.com
*Proposed Counsel for Debtors and Debtors in Possession, BCAS, LLC dba Tilton's Automotive Service and TAS of GH, LLC*

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**In re:**

| | |
|---|---|
| **BCAS, LLC dba Tilton's Automotive Service, et al.,[1]** | Case No. 11 - 57642<br>**Jointly Administered Chapter 11**<br>**Judge Charles M. Caldwell** |

**Debtors and Debtors in Possession**

[1] The Debtors are BCAS, LLC dba Tilton's Automotive Service and TAS of GH, LLC

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re** | : | **Case No. 12-57642** |
| | : | |
| **BCAS, LLC** | : | **Chapter 11** |
| **dba Tilton's Automotive Service,** | : | |
| | : | **Judge Charles M. Caldwell** |
| **Debtor.** | : | |

| | | |
|---|---|---|
| **In re** | : | **Case No. 12-57643** |
| | : | |
| **TAS of GH, LLC** | : | **Chapter 11** |
| **dba Tilton's Automotive Service,** | : | |
| | : | **Judge Charles M. Caldwell** |
| **Debtor.** | : | |

**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED
CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

Upon the Motion[1] filed herein on September 5, 2012 by BCAS, LLC dba Tilton's Automotive Service ("BCAS") and TAS of GH, LLC dba Tilton's Automotive Service ("TAS," and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

with BCAS, sometimes hereinafter referred to, collectively, as "Debtors), each a debtor and debtor in possession in the respective above-captioned cases, by and through their undersigned counsel, for entry of an order directing the joint administration and consolidation for procedural purposes only of Debtors' chapter 11 cases; and upon consideration of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of this Motion was due and proper and sufficient under the circumstances; (d) the Court conducted an expedited hearing on the Motion on September _____, 2012; (e) Debtors are "affiliates" within the meaning of § 101(2) of the Bankruptcy Code; (f) joint administration of Debtors chapter 11 cases is appropriate pursuant to Bankruptcy Rule 1015(b) and it appearing that the relief requested in the Motion is in the best interests of Debtors, their estates and creditors; and (g) for good and sufficient cause appearing therefore,

    IT IS HEREBY, THEREFORE, ORDERED that:

    1.    The Motion is GRANTED.

    2.    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

    3.    Debtors' chapter 11 cases shall be consolidated for procedural purposes only and shall be jointly administered pursuant to Bankruptcy Rule 1015(b).

    4.    Pleadings in these cases are authorized and required to bear a consolidated caption in the form set forth on Exhibit "A" attached to the Motion and incorporated herein, which caption is approved in all respects.

    5.    The Clerk of Court shall maintain one file and one docket for Debtors' chapter 11 cases, which file and docket shall be the file and docket for BCAS, LLC dba Tilton's Automotive Service.

6. A docket entry shall be made upon the docket in each of Debtors' chapter 11 cases as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of BCAS, LLC dba Tilton's Automotive Service and TAS of GH, LLC. The docket in the case of BCAS, LLC dba Tilton's Automotive Service, Case No. 12-57642 should be consulted for all matters regarding these cases."

7. Notice of this Order shall be provided to, *inter alia*, (i) the Office of the United States Trustee for this district; (ii) the respective top twenty (20) creditors of the Debtors; (iii) all parties in interest who, as the date hereof, have served upon Debtors and filed with the Court a request that all notices be mailed to them; and (iv) any party directly affected by any relief sought under LBR 9013-3(b).

8. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of Debtors' chapter 11 cases.

IT IS SO ORDERED.

APPROVED AND SUBMITTED BY:

*/s/ Richard K. Stovall*
Richard K. Stovall            (0029978)
Daniel J. Hunter              (0017536)
Erin L. Pfefferle             (0084984)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, Ohio 43215
Telephone:    (614) 221-8500
Facsimile:    (614) 221-5988
E-mail:       stovall@aksnlaw.com
              hunter@aksnlaw.com
              pfefferle@aksnlaw.com
*Proposed Counsel for Debtors and Debtors in Possession*

**Copies to: All Creditors and Parties in Interest**

###